**UNITED STATES of America**

v.

**Angelo SOUSA, Defendant.**

United States District Court
S. D. New York.

May 14, 1957.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, Herbert C. Kantor, Forest Hills, N. Y., of counsel, for United States.

Florence M. Kelley, of The Legal Aid Society, New York City, by Anthony Marra, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

On January 7, 1955, the petitioner withdrew a plea of not guilty and pleaded guilty to two counts of an indictment charging him with illegally selling narcotics. He was sentenced on January 26, 1955, to two years on count one to commence upon the expiration of a sentence for a similar offense which the defendant was then serving at a state prison. The imposition of sentence on count two was suspended and a two year term of probation was imposed to commence upon the expiration of sentence on count one. He was released from state prison on May 6, 1957, and is now serving his federal sentence.

Petitioner moves to have his sentence set aside and for resentencing on the ground that he was denied an opportunity to show legal cause why judgment should not be pronounced.

Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., contains the following provision:

> "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

Examination of the official transcript of the proceedings before this Court on January 26, 1955, reveals that the defendant was represented by a most able counsel at the time, furnished by the Legal Aid Society; that the attorney made a statement in the defendant's behalf in mitigation of sentence; that neither the defendant nor his attorney indicated to the Court that the defendant desired to make a statement himself. He certainly was not denied an opportunity to do so.

When a statement has been made in defendant's behalf by competent counsel and the defendant does not indicate that he would like to add to the statement already made, he cannot later contend that he was not afforded an opportunity to make such a statement. Hudson v. United States, 1956, 97 U.S.App. D.C. 153, 229 F.2d 36; Sandroff v. United States, 6 Cir., 1949, 174 F.2d 1014. The requirement of Rule 32(a) was fully satisfied and the defend-

ant's rights were fully protected by the procedure followed.

In Couch v. United States, 1956, 98 U.S.App.D.C. 292, 235 F.2d 519, the Court was presented with a similar question and they denied defendant's motion to be resentenced. A majority of the Court in that case, pursuant to their supervisory capacity, went on to establish a new sentencing procedure for the District of Columbia Circuit whereby in the future defendants would be asked specifically whether they had anything to add to their attorneys' statements. The Court was careful to point out, however, that the new procedure was to be applied prospectively and did not apply to defendants previously sentenced.

Whether or not such a procedure should be adopted in this district (and I am inclined to believe it an unnecessary formality) in no event would it be applicable to this defendant whose sentence was imposed in January 1955.

Furthermore, in view of the circumstances of his case, the petitioner cannot contend with any justification that his sentence was severe. It is clear from the record that the pre-sentence report submitted by the Probation Office indicated that the petitioner, although not an addict himself, was a commercial peddler of narcotics on a large scale. The defendant and his attorney were informed of this allegation before sentence was imposed and they did not deny it. In fact, his attorney stated "certainly he was in the business at the time \* \*." Considering defendant's position in the narcotics traffic, his sentence was quite lenient.

Since it is apparent from the transcript of the proceedings on January 26, 1955, and from the other papers submitted, that the defendant was afforded every opportunity to make a statement and that his rights were fully protected by the procedure followed, a hearing in the presence of the petitioner is unnecessary to the disposition of his motion. Motion denied.

So ordered.