**UNITED STATES of America,**

v.

**James W. MILLER, Defendant.**

United States District Court
S. D. New York.

Jan. 17, 1958.

**262**

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, for United States, Adelbert C. Matthews, Jr., Asst. U. S. Atty., New York City, of counsel.

N. LeVan Haver, Kingston, N. Y., for defendant.

DAWSON, District Judge.

This is an application to set aside the sentence heretofore imposed on defendant by the Honorable Lawrence E. Walsh, then one of the judges of this Court, on the ground that the Judge did not, before imposing sentence, afford defendant an opportunity to personally make a statement in his own behalf and to present any information in mitigation of punishment, as provided by Rule 32(a) of the Rules of Criminal Procedure, 18 U.S. C.A.[1] The motion raises the question as to whether a sentence is defective and should be set aside where the defendant has been afforded an opportunity through his counsel to make a statement in his behalf and to present any information in mitigation of punishment, but where the court does not affirmatively ask the defendant if he has anything to add to the statement which his counsel has made.

The defendant was indicted on January 12, 1955 on three counts. A trial was held before Judge Walsh and a jury from October 17, 1956 to November 2, 1956. Defendant was convicted on all three counts. On November 30, 1956 Judge Walsh sentenced the defendant to five years on each of the counts, to run concurrently. The conviction was sustained by the Court of Appeals. See 2 Cir., 246 F.2d 486. Shortly thereafter defendant filed with the Court of Appeals a petition for a rehearing, raising new issues. The Court of Appeals unanimously denied the petition for rehearing. See 2 Cir., 248 F.2d 163. On October 28, 1957 a petition for a writ of certiorari was filed with the Supreme Court of the United States. On December 16, 1957 this petition was denied. The defendant was then directed to surrender to the United States Marshal on January 8, 1958. He brought on the instant motion on January 3, 1958.

The basis of defendant's motion is that Judge Walsh did not comply with Rule 32(a) by affording the defendant a personal opportunity to make a statement in his own behalf. The Court has examined the transcript of the proceedings at the time of sentencing and finds that the defendant was there represented by Jacob J. Rosenblum, Esq., an experienced attorney who had represented the defendant at the trial and also on the appeals. The Court asked the parties whether they were ready for the sentence. After a statement by government counsel with reference to sentence, Mr. Rosenblum made a long statement to the Court on behalf of his client and presented such information as he had, seeking mitigation of punishment, ending up with the statement:

"* * * I respectfully urge upon your Honor to see whether you do not feel that all the facts,

---

1. Rule 32(a) Sentence. Sentence shall be imposed without unreasonable delay.. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court

shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.

in the light of his being a first offender, would not warrant his being given another chance in life and give him a suspended sentence."

The defendant, who was present in court and who apparently stood up when his attorney did, was told by the Court:

"Mr. Miller, I don't think you have to stand. I have an idea Mr. Rosenblum may talk at some length. So you can go back and sit at the table."

■■ It is true that the Court did not specifically ask the defendant if he wished to make a statement in his own behalf or to present any information to the Court in mitigation of punishment. However, neither the defendant nor his counsel asked for such an opportunity to hear the defendant *pro se.* Rule 32(a) does not require the Court to affirmatively ask the defendant whether he wishes to make a statement in his own behalf. It simply provides that the Court must "afford the defendant an opportunity" to make a statement in his own behalf and to present any information in mitigation of punishment. The Court afforded such opportunity to the defendant. When his attorney spoke on his behalf he was exercising this opportunity. When a statement has been made on defendant's behalf by competent counsel and defendant does not indicate that he would like to add to this statement he cannot later contend that he was not afforded an opportunity to make such a statement. See Opinion of Judge Kaufman, United States v. Sousa, 158 F.Supp. 508; Hudson v. United States, 1956, 97 U.S. App.D.C. 153, 229 F.2d 36; Sandroff v. United States, 6 Cir., 1949, 174 F.2d 1014.

Defendant relies upon the decision of the Court of Appeals for the District of Columbia in Couch v. United States, 1956, 98 U.S.App.D.C. 292, 235 F.2d 519, 521. In that case the facts were substantially similar to those in the present case. An application was made to set aside a judgment on the ground that the District Court in sentencing the defendant had not complied with Rule 32(a) of the Rules of Criminal Procedure in that the Court had not afforded the defendant an opportunity to make a statement personally in his own behalf. The District Court denied the motion and this decision was affirmed by the Court of Appeals. However, the Court of Appeals, pursuant to their supervisory capacity went on to state:

"This court holds that the better practice in sentencing a convicted person is to afford him a personal opportunity to make a statement in his own behalf, which might include information in mitigation of punishment. Such a statement would be in addition to any made by counsel on behalf of the defendant, if counsel is minded to make a statement. The sentencing judge can make this personal opportunity clear by addressing an inquiry directly to the defendant, after hearing counsel if the latter desires to be heard. In our supervisory capacity we now establish this procedure for this jurisdiction, but we apply it prospectively only, that is, to sentences imposed after a certified copy of our judgment in these cases is issued to the District Court, which is to be done forthwith. * * *"

The Court of Appeals of the District of Columbia may indeed be right that it is the better practice in sentencing a convicted person to afford him an opportunity to make a personal statement in his own behalf. However, that Court did hold—and this is the actual holding of the case—that failure to give a convicted person such personal opportunity was not ground for setting aside the sentence. See also Howard v. United States, D.C.Cir.1957, 247 F.2d 537. It does not appear that the Court of Appeals of this Circuit has issued any

264

such directive to the courts in this District as has been laid down in the District of Columbia.

Essentially the defendant seeks to exalt formalism above substantial justice. The defendant has not shown that if he had been offered the opportunity to speak in person he would have added anything to that which his counsel already had said or that it would have affected in any way the sentence which was imposed.

The motion is denied. So ordered.