Theodore GREEN, Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 5345.

United States Court of Appeals
First Circuit.

June 13, 1958.

Theodore Green, pro se.

Charles F. Barrett, Asst. U. S. Atty., Boston, Mass., with whom Anthony Julian, U. S. Atty., and William J. Koen, Asst. U. S. Atty., Boston, Mass., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Consideration of this fruitless appeal has involved a complete waste of our time.

On October 27, 1952, the United States District Court for the District of Massachusetts, after verdict of guilty by the jury, entered judgment imposing sentence of twenty-five years' imprisonment on a charge of bank robbery and incidental crimes in violation of 18 U.S.C. § 2113. At the time of the trial, Green was represented by an able and experienced criminal trial lawyer of his own choice, Herbert F. Callahan, Esq., since deceased. Green was convicted chiefly on the testimony of one of his co-defendants, Roccaforte, who turned state's evidence. A motion for a new trial was filed on behalf of Green, which set forth, among other grounds, that "the record discloses perjury by the prosecution witnesses Roccaforte and Bistany." No suggestion was made at the time that this alleged perjury was at the connivance, or with the knowledge, of the prosecuting attorney. Green took an appeal from this judgment of conviction, but on April 17, 1953, we entered an order reciting as follows: "Upon motion of appellee, and after notice, It is ordered that this case be docketed, and It is further ordered that the appeal herein be, and the same hereby is, dismissed for want of diligent prosecution."

Subsequently, Green filed in the district court a motion under 28 U.S.C. § 2255. It was claimed that his constitutional right to a fair trial had been violated by the action of the trial judge in allowing to go to the jury the original indictment, which had on it certain penciled notations by the Clerk to the effect that a co-defendant, Roccaforte, had retracted a plea of not guilty and had entered a plea of guilty; and to the effect that an order had been entered admitting Green to bail provided he furnish bail in the sum of $25,000. The district court denied the motion under 28 U.S.C. § 2255. On appeal, it appeared to this court, from an inspection of the indictment, that the penciled notations thereon were in abbreviated form and indeed hardly legible. The government obliged us with a full translation of the purport of the notations. We summarily affirmed the order of denial. Green v. United States, 1956, 238 F.2d 400.

Green came back with another motion under 28 U.S.C. § 2255, containing some brand-new allegations as the basis for a claim of the denial of due process of law at the trial. Now Green alleged that, on the morning of October 2, 1952, which was before he was put on trial, he and his co-defendant Jacobanis were in custody in a cell in the U. S. Marshal's office, and that co-defendant Roccaforte was similarly in custody in an adjoining cell; that Green and Jacobanis overheard a conversation in the neighboring cell between Assistant U. S. Attorney Hassan and Roccaforte, which conversation indicated that Attorney Hassan knowingly persuaded Roccaforte to commit perjury against Green at the forthcoming trial by promising to see to it that a light sentence would be imposed upon Roccaforte and that he would be saved from a pending deportation. The motion was supported in part by an affidavit by Green and by a statement purporting to have been made by Jacobanis. It is clear that this asserted information, of which Green was admittedly aware before he went on trial, cannot now be used as a basis for attacking the judgment of conviction collaterally in a proceeding under 28 U.S.C. § 2255. See Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, 833, certiorari denied, 1956, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500. It will not do to say that the matter could not have been disclosed at the criminal trial without the personal testimony of Green who, as the criminal defendant, was privileged not to testify. No doubt he was so privileged, as we may acknowledge without being obliged at the same time to affirm that his action in invoking the privilege had in it any elements of nobility. But Green cannot have it both ways. He cannot withhold the evidence, gambling on an acquittal without it, and then later, after the gamble fails, present such withheld evidence in a subsequent proceeding under 28 U.S.C. § 2255.

It was also alleged in the motion, but not in Green's affidavit, that Green advised his counsel, Mr. Callahan, of the conversation which he claims to have overheard in the cell, and that Mr. Callahan replied that the matter would be brought to the court's attention at the proper moment but that meanwhile he wanted to hear what the testimony of Roccaforte would be. "Petitioner was convicted without this matter being brought out by his Attorney who kept offering excuses that he was investigating the matter and it would be brought to the attention of the Court." On this foundation it was asserted in the motion that Green was denied "the effective assistance of counsel contemplated by the Sixth Amendment because of collusion between his counsel Mr. Callahan and the Assistant U. S. Attorney Mr. Edward Hassan." The allegation of "collusion" was in the nature of a general conclusion unaccompanied by any particularized underlying facts. Assuming, as we must, that the alleged overheard conversation was relayed to Green's counsel, the failure of Mr. Callahan to press the issue is by no means an indication of incompetence on his part but, as argued in the government's brief, "is consistent with sound advice which a lawyer might give to his client when he has either no faith in the story told by his client or knowledge that the claim of his client was unfounded." The courts have shown little sympathy with attacks upon the competency of counsel, made as a last resort in motions under 28 U.S.C. § 2255. See Dario Sanchez v. United States, 1 Cir., 1958, 256 F.2d 73.

It is clear on the circumstances of this case that the district court committed no error in denying the motion on the face of its allegations, without setting down the motion for a hearing and causing this man to be transported from Alcatraz to Boston at public expense.

A judgment will be entered affirming the order of the District Court.