UNITED STATES of America
v.
Theodore GREEN et al.

Cr. No. 52–130.

United States District Court
D. Massachusetts.

June 15, 1959.

Anthony Julian, U. S. Atty., Charles F. Barrett, Asst. U. S. Atty., Boston, Mass. for the United States.

Theodore Green, Alcatraz, Cal., pro se.

ALDRICH, District Judge.

■■ This is a motion to vacate sentence under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the pertinent portion of which is as follows, "The court may correct an illegal sentence at any time." Accompanying the motion was no filing fee, but an affidavit which the clerk construed as being in forma pauperis so as to eliminate the necessity of a filing fee. This affidavit made no reference to the defendant's citizenship. Without instructions from me the clerk filed the motion on the civil side and wrote the defendant that his affidavit was defective because of the lack of showing of citizenship. He erred in both respects. The motion belongs on the criminal side, in the original case. See Heflin v. United States, 358 U.S. 415, 418 note 7, 79 S.Ct. 451, 3 L.Ed.2d 407; Cook v. United States, 1 Cir., 171 F.2d 567, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088; Ekberg v. United States, 1 Cir., 167 F.2d 380. The clerk is directed to make the transfer.[1] I proceed to the merits.

■ 1. The first ground of the motion is that the sentence was announced orally by the clerk, following a conference off the record between the clerk and the court. Defendant states that the judge, (not the present writer), should have spoken himself, rather than the clerk for him. It is not alleged that the judge was not physically present on the bench, and I of course assume that he was. It is common practice for a sentence to be imposed in this fashion. The clerk was performing a ministerial function only, in the presence and at the direction of the court, and the words are the court's. There is no merit in this contention of the defendant.

■ 2. The second ground alleged is, "The judge and the clerk conferred on the length of the sentence out of the hearing of the court reporter and the defendant." The transcript, so far as this matter is concerned, is accurately set forth in the motion. It merely shows, "(The court and clerk confer)." There is nothing improper with the court conferring with the clerk at any time. I will not assume, in the absence of any showing, and none is suggested, that at this conference anything took place other than that the court instructed the clerk as to the sentence to be announced. What I have already said on point one takes care of that matter.

■ 3. The only claim worthy of any extended discussion is the allegation that "the judge did not afford the defendant an opportunity to speak before imposition of the sentence as required by Rule 32(a) Fed.Rule Crim.Proc." In his motion the defendant does not adequately set forth any factual basis for this statement. I will, however, in the interest of saving time, since doubtless the motion could be amended, take note of the transcript which was filed in connection with defendant's original appeal, as the record herein. This shows that counsel addressed the court, and thereafter sentence was pronounced as aforesaid.

---

1. With respect to the lack of allegation of citizenship, I note that defendant has previously filed such an affidavit in this court. Since I judicially know he has been in Alcatraz ever since, I will not assume that he has changed his citizenship, but will assume a continuance of status. However, this is now moot, as no filing fee is required on the criminal side.

Rule 32(a) provides that "the court shall afford the defendant an opportunity to make a statement in his own behalf." It has been suggested that this requires the court affirmatively to ask defendant whether he wishes to say anything himself. See Couch v. United States, 98 U.S.App.D.C. 292, 235 F.2d 519. Even in that case the court applied this principle prospectively only, and not to invalidate a sentence already imposed. See Howard v. United States, 101 U.S.App.D.C. 131, 247 F.2d 537. Personally, it seems to me difficult to say where the court listened to counsel, and there was no indication that it was not equally prepared to listen to the defendant as well, that the court did not "afford the opportunity" to speak simply because it did not invite it. When a defendant is not represented by counsel he should of course be informed of his rights by being so invited. I question whether a defendant competently represented should need this instruction from the court. If the framers of the rule felt otherwise, they could have used the affirmative word "offer," rather than the passive "afford." [2]

In any event, I subscribe to what was said in United States v. Miller, D.C.S.D. N.Y., 158 F.Supp. 261, at page 264, that "the defendant has not shown that if he had been offered the opportunity to speak in person he would have added anything to that which his counsel already had said * * *" It is not without significance that the defendant was sentenced in 1952, and this is the first time he has made this complaint, although he has made many others previously, in 28 U.S. C.A. § 2255 proceedings. Even now he does not say that he wanted to say any-thing at the time, or what he would have said.

 The defendant's motion to vacate sentence is denied. I see no reason to allow his attendant motion to appoint counsel for him. However, since he has no counsel I instruct the clerk to mail him a copy of this opinion forthwith by airmail, and I advise him if he wishes to appeal it is possible he may have only ten days to file, plus such further time as the Court of Appeals might extend to him because of his distance from the District. See Rules 37, 45(b) and (e), Federal Rules of Criminal Procedure, 18 U.S.C.A.; compare Gonzalez v. United States, 352 U.S. 978, 77 S.Ct. 383, 1 L.Ed. 2d 363 (per curiam), reversing 1 Cir., 233 F.2d 825, with Heflin v. United States, supra.

---

2. The analogy suggested by Judge Fahy in the Couch case that a defendant must be personally present during trial, and cannot be represented simply by counsel, does not seem to me apposite. There are much broader reasons for that. I must admit, however, that on occasion I have inquired of a defendant even though represented by counsel, whether he personally wished to say anything in his own behalf. This "admission" on my part may be inconsistent with my pronouncement that such inquiry is not a necessary action. If it seems desirable in some cases, perhaps it should be done in all. The fact that the defendant almost invariably declines the invitation is, of course, immaterial to the present question.