Theodore GREEN, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 6026.

United States Court of Appeals First Circuit.

Heard Nov. 8, 1962.

Decided Jan. 23, 1963.

Certiorari Dismissed March 21, 1963.

See 83 S.Ct. 948.

---

Manuel Katz, Boston, Mass., acting under appointment by the Court, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

In the autumn of 1952 the appellant Theodore Green was convicted in the court below on a three-count indictment charging him with entering a bank with intent to commit a felony, robbing the bank, and assaulting or putting in jeopardy the lives of persons by use of a dangerous weapon while committing the robbery in violation of Title 18 U.S.C. §§ 2113(a) and 2113(d). We allowed Green to appeal *in forma pauperis* but later dismissed his appeal "for want of diligent prosecution." Ever since he has tried repeatedly by motions, some under Criminal Rule 35 and others under § 2255 Title 28 U.S.C., to have his sentence corrected, reduced or set aside. So far his efforts have not been crowned with conspicuous success. He is still in Alcatraz. See Green v. United States, 158 F.Supp. 804 (D.C.Mass.1958); affirmed 256 F.2d 483 (C.A.1, 1958); cert. denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958); 24 F.R.D. 130 (D.C.Mass.1959); affirmed 273 F.2d 216 (C.A.1, 1959); affirmed with 274 F.2d 59 (C.A.1, 1960), 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

Undaunted, Green has tried again, this time by two motions under § 2255, supra. In the motion filed first in point of time Green seeks to have his conviction and sentence vacated and set aside on the ground that the Assistant United States Attorney who prosecuted the case against him "remained silent when he well knew that the government witness, Bistany, was committing perjury when he testified that he had no expectations of leniency by either state or federal courts because of his testimony in the instant case." In his subsequent motion Green seeks to have his sentence vacated for failure of the sentencing judge to afford him the right of allocution before imposition of sentence as required by Criminal Rule 32(a). The court below, without ordering Green produced to testify or hearing any evidence, denied both motions and Green has appealed.

We shall consider Green's motions in the order stated herein above.

This is not the first time that Green has asserted that the same witness committed perjury at his trial for bank robbery in 1952. See 158 F.Supp. 804, affirmed 256 F.2d 483. But this is the first time that Green has alleged this particular instance of Bistany's perjury which, he says, only came to his notice as a result of a proceeding against Bistany in 1960 in the Supreme Court of the State of New York on two fugitive from justice warrants issued by the Governor of New York at the behest of the Governor of Massachusetts.[1]

Green's contention is that what came to light in that proceeding from statements made by Bistany's counsel and by Massachusetts county prosecuting officers (no federal officers were present), shows that Bistany perjured himself at Green's trial in the court below in 1952 when, in answer to the question: "Have you any expectations, Mr. Bistany, of any more lenient treatment on the matters on which you are before the

1. Accepting Green's allegation of recent discovery of the facts alleged and our review of Green's previous motions showing that indeed this is the first time he has raised this instance of Bistany's perjury, we do not treat his present motion as a second or successive one for the same relief.

courts, either federal or state, because of your testimony in this case?" Bistany answered: "Positively not * * * I am a parole violater in New York. I must do natural life." And Green further contends, as he must, that the prosecution knowingly [2] allowed this perjured testimony to stand uncorrected.[3] We turn, therefore, to the 1960 proceeding against Bistany in the Supreme Court of New York on the fugitive from justice warrants to see if what therein emerged supports Green's contention.

That proceeding is anything but a masterpiece of clarity. One matter, however, which collaterally, and not very clearly, appeared therein was that Massachusetts county prosecuting officials in 1956, in proceedings in a New York court to obtain Bistany's temporary release from Dannemora Prison so that he could testify for the Commonwealth in a criminal case in which he was named as a co-defendant, agreed as a condition for his release from New York custody that no civil or criminal process (several indictments were then pending against Bistany in Massachusetts) would be served upon him while in Massachusetts to testify and that after giving his testimony he would be returned to New York to finish his sentence.

This episode in Bistany's long and checkered career in crime seems to us quite irrelevant. We do not see how an agreement for leniency in 1956, if it can be called such instead of an agreement with New York authorities to return Bistany to confinement in consideration for his release to Massachusetts to testify, can have any bearing on the question whether Bistany committed perjury with knowledge of the prosecution when some

four years before he testified at Green's trial in the court below that he had no expectation of leniency for his testimony in that case. The emphasis put upon this episode in the government's motion to dismiss and by the court below is misplaced and misleading, for it is not all that came to light in the 1960 proceeding on fugitive from justice warrants in the Supreme Court of New York. In that proceeding, again collaterally and none too clearly, the following also appeared: (1) that as of May 4, 1952, Bistany was under indictment for robbery in both Bristol and Worcester Counties, Massachusetts, and was also a fugitive from New York; (2) that on that date Bistany was apprehended in Rhode Island, taken to Massachusetts and turned over to Bristol County authorities to await trial; (3) that thereafter Bistany agreed with the prosecuting officials of both counties to testify as a witness for the Commonwealth of Massachusetts against co-defendants; (4) that in August, 1952, in return for a promise of immunity in Massachusetts, Bistany testified for the District Attorney for Worcester County at the trial of Green and others in the Massachusetts Superior Court for that county for an offense separate and distinct from the one for which Green was tried in the court below and (5) that in September, 1953, Bistany was picked up in Massachusetts, served with a fugitive warrant from New York and waiving extradition, was returned to that state without Massachusetts authority's apparently making any effort to retain jurisdiction over him.

Thus it appears that prior to Green's trial in the court below Bistany had been promised and had received leniency in

2. It is clear on the authorities from Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935), to Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), that it is not enough that perjury be shown; there must be proof that it was committed with the knowledge of the prosecution.

3. We agree with the government's concession that in a federal court, as well as in

a state court, due process not only requires a prosecuting officer to refrain from offering false testimony but also requires him to correct testimony which he knows to be false, and that this rule " * * * does not cease to apply merely because the false testimony goes only to the credibility of the witness." Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959).

the courts of Massachusetts in exchange for his testimony for the Commonwealth in criminal cases in that jurisdiction. But this falls far short of showing that Bistany was promised leniency for his testimony "in this case," which of course, refers to the case in which Bistany was testifying, i. e. the case against Green in the court below for a federal offense. There is no showing, and we certainly cannot for a moment assume, that Massachusetts prosecuting authorities would undertake to promise something they could not possibly perform, that is, leniency in a federal court. On the record before us we find nothing to support Green's allegation that Bistany committed perjury when he said that he had no expectation of leniency for his testimony against Green in the court below, to say nothing of support for the allegation that the Assistant United States Attorney who prosecuted that case "well knew" of Bistany's perjury. The materials offered simply do not support Green's allegation. His motion was properly denied.

We turn now to Green's second motion.

■ This is not the first time that Green has attempted to vindicate his right to allocution. See Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L. Ed.2d 670 (1961). Dismissal as a matter of law does not follow, however, for five justices in Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959), said, and the remaining Justices did not disagree, that the provision in § 2255 that a motion thereunder may be "made at any time" " * * * simply means that, as in habeas corpus, there is no statute of limitations, no res judicata, and that the doctrine of laches is inapplicable." While repetitive motions under the section are not positively barred by rule of law, they may nevertheless be disposed of summarily under the statutory provision: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

■ This is such a motion. But Green says that it should nevertheless be entertained because he should be given an opportunity to settle the factual issue that split the Supreme Court when his present contention was before it in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), by showing that the sentencing judge when he said "Did you want to say something?" did not indicate by cast of eye or nod of head that he was addressing Green personally but indicated instead that he was addressing Green's counsel. And he says that his present motion is not within the holding in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L. Ed.2d 417 (1962), affirmed in Machibroda v. United States, 368 U.S. 487, 489, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), that failure of a sentencing judge to follow the formal requirements of Criminal Rule 32(a) is not *itself* an error that can be raised by motion under either § 2255 or Criminal Rule 35 because he says that had he been given the opportunity he would have informed the court of several matters unknown to his counsel which would have corrected false impressions implanted in the mind of the court by remarks of the assistant district attorney. Wherefore he says that his case is not ruled by the Hill case wherein at page 429 of 368 U.S., at page 472 of 82 S.Ct., the Court said:

"It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor is it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we therefore do not consider.

We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule."

There may be some doubt as to whether the rule of the Green, Hill and Machibroda cases is still the law because the four Justices who dissented in those cases are still on the Court, whereas two of the five Justices who constituted the majority have now retired. However, we decline the invitation of Green's counsel to speculate as to what the law may be in the future. We do not regard it as any function of ours to make a guess as to the views of at least one of the two new Justices. Taking the law as laid down by the majority of the Court in the above cases the question is whether Green has made out a case. We think that he has.

From the quotation from the Hill case, supra, we infer, although the Court did not specifically say, that in the context of "other aggravating circumstances" relief under § 2255 would be available for failure of the sentencing judge to follow the mandate of Criminal Rule 32(a). And there is indication that the "circumstances" set out by Green would be regarded by the Court as "aggravating." Green has at least stated a case outside the rule laid down in Hill. We think he must be accorded an opportunity to establish if he can his right to speak his piece. Accordingly we hold that his second motion should not have been dismissed without hearing.

Judgment will be entered affirming the order of the District Court on Green's first motion, vacating the order of the District Court on his second motion and remanding the case to that Court for further proceedings consistent with this opinion.

ALDRICH, Circuit Judge (concurring).

I concur in the opinion of the court except that with respect to the first motion I would like to add that although this motion is expressed in generalities

Green must surely be limited to the particular matters disclosed in his accompanying papers, which the court has found clearly inadequate. If it could be thought that he has something else in mind, then he has failed to show that this is not a second motion for the same relief he requested before. Therefore he has not made out a claim on any basis.