**PENOR v. UNITED STATES, and five other cases.**

Nos. 11274–11279.

Circuit Court of Appeals, Ninth Circuit.

April 15, 1948.

554

Dellmore Lessard, of Portland, Or., for appellants Penor, Smith and Cleveland.

George C. Reinmiller, of Portland, Or., for appellants Hawkins, Nomland, and Randall.

Henry L. Hess, U. S. Atty., and Edward B. Twining, Asst. U. S. Atty., both of Portland, Or., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellants in this group of cases were convicted of violating § 11 of the Selective Service and Training Act, 50 U.S.C.A.Appendix, § 311. The specific charge in each instance, save in the case of appellant Smith, was that the accused had deserted a Civilian Service Camp to which he had been assigned after having been given a IV-E classification as a conscientious objector.

 Smith's appeal will be considered hereafter. Each of the other appellants appears to have remained in his assigned camp for some months before quitting it. Some of them express dissatisfaction with the administration of the camps and we will deal first with these grievances. The complaint chiefly stressed consists of a claim that the camps were operated under military rather than civilian direction. There is no evidence in the record in any of the cases tending to substantiate the claim. It seems to grow out of the well-known fact that use was made of regular army officers in the over-all administration of the Selective Service System, including that phase having to do with conscientious objectors. There would seem to be nothing inappropriate in this practice. Another point sought to be made on behalf of one or more of the appellants is that the work they were required to do was not of national importance. We do not find any evidence to reinforce the claim, and in any event appellants are not in a situation to set themselves up as judges of that matter. In the briefs filed on behalf of several appellants it is argued that those assigned to the camps were paid nothing for the work they did, and attention is called to the provisions of 50 U.S.C.A.Appendix, § 309a. There is no evidence in any of the records, save that of appellant Hawkins, having any bearing on the subject of pay. None except Hawkins testified that he was not paid. In Hawkins' testimony there is a fleeting reference to the subject. As one of a number of reasons given by him for quitting the camp, he said that "we are forced to work eight and a half hours a day without pay." The declaration is too vague and inconclusive to rise to the dignity of evidence. In any event we think the circumstance, even if it were shown to be a

consistent practice, would not constitute a defense to the charge of quitting the camp without leave. The provision of the cited statute, so far as it bears on the subject of pay, is not couched in mandatory terms and we do not gather from it that the camp inmates were as a matter of law entitled to pay.

The several camps involved here, as was true of practically all others set up during the war, were sponsored and operated by private religious organizations. All of them were governed by rules and regulations promulgated pursuant to Executive Order 8675. The criticisms voiced by counsel in respect of their administration are of the general character dealt with at length by the Tenth and Sixth Circuits in Roodenko v. United States, 147 F.2d 752, and Kramer v. United States, 147 F.2d 756, in each of which cases certiorari was denied. We conclude the discussion on this phase of the appeals by reiterating that the grievances aired by the testimony or injected into the cases by briefs of counsel are in no event of such a character as to constitute defenses to the charges here made.

██ A few additional individual points attempted to be made will now be noticed. Appellant Randall objected to the admission of the Selective Service file in his case on the ground that the file was not properly identified and was not shown to be full and complete. He did not specify any omission. We think the file was sufficiently identified and that its admission was not error.

██ Appellant Nomland had originally been assigned to and reported to Civilian Public Service Camp No. 56 at Waldport, Oregon. For some reason not disclosed by the record he was ordered transferred to the camp at Mancos, Colorado. He left the Oregon camp but failed to report to the Colorado camp as directed. He contends that his offense, if any, was committed in the State of Colorado, and that the federal district court for Oregon was without jurisdiction to try him. However, the evidence supports the inference that he left the Oregon camp without any intention of reporting elsewhere, and it was not improper to regard his conduct as constituting a desertion of the camp to which he was originally assigned. There is no force in his jurisdictional argument.

 Appellants Cleveland and Penor contest the validity of their IV-E classification on the ground that they were ministers of the sect known as Jehovah's Witnesses. Cleveland, however, failed to appeal his classification. Penor accepted the IV-E classification allegedly as an alternative to his being prosecuted under the Selective Service Act. He had been originally classified as I-A, but after reporting for induction had declined to be inducted. He was later offered the IV-E classification and accepted by telegram. He sought no review. Thus both of these men failed to exhaust their administrative remedies. Nevertheless each was permitted to testify concerning his reasons for believing himself to have been a minister. Later, apparently on examination of their Selective Service files, which had been introduced into evidence, the court withdrew from the consideration of the jury the question whether the accused had been wrongly classified. We have examined the files in these two cases and are of opinion that the IV-E classifications given these men were not without basis in fact. Cox, Thompson, & Roisum v. United States, 332 U.S. 442, 68 S.Ct. 115.

██ Appellant Smith, also, claims to have been a minister of Jehovah's Witnesses and thus entitled to exemption. He makes no contention that he was a conscientious objector. He was classified as I-A but did not take an appeal as provided by the regulations. He was ordered to report for induction into the armed forces but did not do so, thus failing to take the last necessary step in the selective process. Falbo v. United States, 320 U.S. 549, 554, 64 S.Ct. 346, 88 L.Ed. 305; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

The judgments are affirmed in all cases.