Roy Vernon SHAW, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16139.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1959.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and HAMLEY, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge.

### Statement of the Case

The indictment, returned on February 5, 1958, charged that the appellant, duly registered with the Local Board at Bakersfield, California, was classified I–O; that he was ordered to report "for civilian work contributing to the mantenance of the National Health, Safety, and Interest, at the Los Angeles County Department of Charities, on September 24, 1957"; and at that time he knowingly failed and neglected to report for civilian

work in lieu of induction into the Armed Forces of the United States.

He was tried without a jury before Judge Jertberg, was found guilty, and was sentenced to ninety days imprisonment. From that judgment, the present appeal was taken.

The indictment was brought under 50 U.S.C.A.Appendix, § 462. (As printed in the Transcript, the Section is erroneously given as 562).

The appellant is a Jehovah's Witness "minister".

### The Appellant's Arguments

1. The appellant presented new evidence of such a nature that his classification should have been reopened.

2. The Board violated its procedural regulations in the manner in which it handled the problem.

3. The Local Board was required to reopen. Instead, it took no action whatsoever upon receipt of evidence of new status.

4. The regulations required that it at least send a letter informing the appellant that it did not consider his new evidence sufficient to justify reclassification.

5. The regulations required that there be a reopening of the classification when such evidence of new status was presented. A reopening, even if it resulted in the same (or a worse) classification, would have given the registrant the opportunity for an administrative appellate determination.

### The Appellee's Position

1. The appellant did not bring himself within the regulations governing reopening.

2. He did not submit new evidence which if true would justify a change in his classification.

3. The Local Board was not required to advise the appellant that it would not reopen his classification.

The appellant's case rests upon just one fundamental point. It is asserted that appellant submitted new evidence to the Local Board after his last classification, and the Board should have either reopened and reclassified him, or should have notified him that it was not going to reopen his classification.

It is apparent that the appellant is attempting to place the appellee upon the horns of a dilemma. There is, however, no dilemma, because the appellant's initial premise is a mere assertion, not a fact.

### The Appellant Did Not Submit To the Local Board a Written Request That His Classification Be Reopened.

The appellant's written communications to the Board did not request a reopening of his classification. He does not deny this, but seeks to avoid the impact of this omission by stating that "An express request for a reopening of a classification is not necessary."

██ In that contention the appellant is in error. Section 1625.2 of Title 32 of the Code of Federal Regulations specifically provides that the Local Board "may"—not "must"—"reopen and consider anew the classification of a registrant (1) upon the written request of the registrant", etc. This language of the Code is not permissive, but mandatory, so far as the requirement of a written request is concerned.

The appellant failed to meet the plain requirement of the Regulation, and is therefore barred from receiving the relief provided in the article that he invokes.

As Judge Jertberg observed, "The record is clear that the defendant made no express request that his classification be reopened."

### The Appellant Did Not Submit New Evidence That Would Justify a Change In His Classification.

██ When the appellant appeared before the Local Board on October 1, 1956, he stated that he had become an ordained minister on March 1, 1953. He was duly notified of his I–O Classification, and he did not appeal.

His letter of March 7, 1957, contained nothing new regarding his ordination as a minister, of which he had already orally informed the Board more than five months before.

As District Judge Jertberg correctly found, there was "nothing in the affidavits or in the transcript of the hearing (of May 23, 1957) which (contained) information which was not already before the Board and which the Board had not previously considered, and nothing which would justify a change in the registrant's classification."

**The Local Board Was Not Required To Advise the Appellant That It Would Not Reopen His Classification.**

The appellant complains that the Board violated its own procedural regulations, in not advising him by letter that the information submitted by him did not warrant reopening his classification, etc.

█ In view of the appellant's own failure to file a written request for the Board to reopen his classification, he cannot now object that he was not advised that such classification would not be reopened. He failed to set the proper machinery in motion by failing to file the required written request, supra.

## Conclusion

█ In cases arising under the Universal Military Training and Service Act, as elsewhere in the law, an appellate court is not required to search the record with a microscope, in an effort to find minute but harmless flaws in the work of administrative bodies or of the lower courts. In the instant case, that is precisely what the appellant would have us do.

In Witmer v. United States, 348 U.S. 375, at pages 380–381, 75 S.Ct. 392, 395, 99 L.Ed. 428, the Supreme Court has admonished us that "It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations. (Case cited.) The classification can be overturned only if it has 'no basis in fact' ".

We find that no substantial right of the appellant has been violated, and the judgment of the District Court is accordingly affirmed.