Theodore GREEN, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 5547.

United States Court of Appeals First Circuit.

Dec. 8, 1959.

Theodore Green, pro se, on brief for appellant.

Elliot L. Richardson, U. S. Atty., and William J. Koen, Asst. U. S. Atty., Boston, Mass., on brief for appellee.

Before WOODBURY, Chief Judge, HARTIGAN, Circuit Judge, and GIGNOUX, District Judge.

PER CURIAM.

Theodore Green, who is at present serving a sentence of 25 years' imprisonment for bank robbery in violation of Title 18 U.S.C. § 2113 and who has wasted the time of this court before by fruitless appeals, see Green v. United States, 1 Cir., 1956, 238 F.2d 400, and Green v. United States, 1 Cir., 1958, 256 F.2d 483, certiorari denied 1958, 79

S.Ct. 83, 3 L.Ed.2d 87, 358 U.S. 854, moved in the court below under Criminal Rule 35, 18 U.S.C., to be resentenced for the following reasons: 1) the judge did not orally pronounce sentence from the bench himself but permitted the clerk to do so, 2) the judge, before sentence, conferred with the clerk, it is asserted as to the length of the sentence to be imposed, out of the hearing of the court reporter and the defendant, 3) the judge did not afford the defendant personally an opportunity to speak in his own behalf before the imposition of sentence as required by Criminal Rule 32(a). The District Court denied the motion and Green thereupon took the present appeal.

There is little for this court to say except that we endorse the views expressed by the court below in its opinion reported D.C.1959, 24 F.R.D. 130.

██ The record shows that the judge was on the bench when, as is the common practice, at least in this circuit, sentence was announced orally by the clerk. And we wholly agree with the court below that in announcing the sentence the clerk was only performing a ministerial function in the presence and at the direction of the court so that actually the words of the clerk were the words of the court. We are not aware of any reason whatever why a judge cannot direct the clerk to speak for the court in announcing sentence. The cases relied upon by the appellant are so out of point that it would be a waste of time to distinguish them.

██ The appellant's second contention is wholly without substance. It is certainly not improper for the court to confer with the clerk at any time. Nor is there anything in the record to indicate that the object of the court's conference with the clerk before sentence was imposed was other than for the court to tell the clerk the sentence he was to announce.

██ As to the third contention, it appears that Green was represented at his trial by an able and experienced criminal trial lawyer of his own choice, see Green v. United States, 1 Cir., 1958, 256 F.2d 483, 484, and that counsel addressed the court at considerable length in mitigation of punishment before sentence was imposed.

Perhaps, as suggested by the court below, it might be better practice in all cases for the court before passing sentence to ask the defendant personally if he wished to make a statement in his own behalf or present any information in mitigation of punishment. See Couch v. United States, 1956, 98 U.S.App.D.C. 292, 235 F.2d 519. At least, that procedure would prevent any question of compliance with Criminal Rule 32(a) from ever arising. But we are certainly not prepared to say that the Rule requires personal solicitation of a defendant to speak in his own behalf when he is represented by competent and experienced counsel of his own choice, when counsel has had a full opportunity to speak and has spoken at length for his client in mitigation of punishment, and has been allowed to present any information there may be bearing on that matter. Moreover, there is nothing in the record to show that Green, either personally or through his counsel, asked to speak in his own behalf or requested permission to add anything to what his counsel had said. Nor is there any indication in the present motion or the supporting brief as to what, if anything, Green might have been able to add in elaboration of the statements of his counsel.

Judgment will be entered affirming the judgment of the District Court.