Emil YAICH, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16641.

United States Court of Appeals
Ninth Circuit.

Aug. 2, 1960.

Rehearing Denied Dec. 7, 1960.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Robert John Jensen, Norwalk, Cal., Minoru Inadomi, Montebello, Cal., Asst. U. S. Attys., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant was indicted for knowingly failing and neglecting to report for civilian employment contributing to the maintenance of the national health, safety and interest as ordered by his local draft board in lieu of induction, in violation of Title 50 U.S.C.A.Appendix, § 462.[1] Appellant waived trial to a jury, and following the trial before the district court was found guilty of the offense charged, and thereafter was committed to the custody of the Attorney General of the United States for a period of one year and one day.

Jurisdiction of the district court was invoked under the provisions of Title 18 U.S.C.A. § 3231 and Title 50 U.S.C.A. Appendix, § 462. Jurisdiction of this Court to review the appeal from the judgment rests on the provisions of Title 28 U.S.C.A. §§ 1291 and 1294.

On June 18, 1951 appellant registered with local draft board No. 37 in San Francisco. Shortly thereafter he was sent a classification questionnaire, and on December 27, 1951 appellant was classified I–A by the board. Approximately a year thereafter he was given an armed forces physical examination and was found fully acceptable for induction into military service. However, as appellant was then a full time college student he was given various student deferments until graduation, at which time he was ordered to report for induction on March

1. Title 50 U.S.C.A.Appendix, § 462 provides in relevant part as follows:

"(a) Any * * * person charged as herein provided with the duty of carrying out the provisions of this title [sections 451–470 of this Appendix], or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprsionment. * * * *"

2, 1956. Eight days prior to that date appellant sought to change his classification to I–O—that of a conscientious objector to military service of any kind. This request for reclassification was denied, and when appellant reported for induction he refused to submit to induction. This refusal resulted in an indictment charging appellant with violation of Universal Military Training and Service Act. On October 16, 1956, following trial before the court sitting without a jury, the appellant was found not guilty.

Following review of appellant's file, and on November 15, 1956, he was reclassified I–O. Appellant sought to change his classification to IV–D, claiming that he was a full time minister of the Jehovah's Witnesses. Such change in classification was denied by the local board, as it appeared that appellant was only a vacation pioneer and not a full time pioneer. The action of the local board was affirmed by the appeal board following required investigation and hearing by a Department of Justice hearing officer. On April 30, 1958, local board No. 37 offered appellant three types of civilian work in lieu of induction into military service.[2] Appellant replied to the local board that he did not wish to perform any of the types of work offered on the ground that any one of them would prevent him from exercising his calling as a minister. His refusal was couched in the following terms:

"I must decline the offer to perform a civilian service in lieu of service in the Armed Forces as I have dedicated my entire service to my Creator, Jehovah God. My acceptance of civilian service would present restrictions and most likely prohibit me from fulfilling my dedication vows. * * * In view of the aforementioned, I am certain the Board will agree, that I am bound by my dedication to exclusively serve our Creator, Jehovah God and therefore cannot accept the offer to perform civilian service."

Appellant met with the local board on June 19, 1958 in an effort to reach agreement as to the type of civilian service which appellant might perform in lieu of induction. At the conclusion of the meeting appellant filed a statement stating that he would refuse all types of civilian employment in lieu of induction into the armed services. On July 29, 1958, local board No. 37, on approval of the National Director of the Selective Service System, ordered appellant to report to local board No. 37 on August 12, 1958, for the purpose of receiving instructions to proceed to the Los Angeles County Department of Charities for civilian service in lieu of induction into military service. On August 12, 1958, appellant reported to local board No. 37, received his letter of instructions to proceed to the Los Angeles County Department of Charities, and at that time advised the board in writing "that for reasons of conscience" he was unable to report to the designated civilian employer.

On the same day appellant's selective service file was forwarded by the local board to the California state headquarters, and on the following day such file was forwarded to the National Director of Selective Service, Washington, D. C., to determine whether or not appellant should be reported to the Department of Justice for prosecution pursuant to Selective Service regulations. The National Director of Selective Service determined that appellant's disobedience to report for civilian service in lieu of induction should be reported to the United States Attorney for prosecution under Title 50 U.S.C.A.Appendix, § 462. Appellant was subsequently indicted by the federal grand jury for the Southern District of California.

At the trial of the case, the United States offered in evidence the entire selective service file of the appellant. Ap-

---

2. The options offered were:

1. Institutional helper, County of Los Angeles, Department of Charities, Los Angeles, California;

2. Dock work, Goodwill Industries, San Jose, California;

3. Truck driver helper, Goodwill Industries, Los Angeles, California.

pellant objected to the introduction of page 1 of the file, on the ground that it was unauthenticated and lacked foundation, and to the introduction of page 186 of the file on the ground that it was opinion hearsay and inadmissible. The objections were overruled, and the selective service file was received in evidence. At the conclusion of the trial, appellant moved for judgment of acquittal which the district court denied. The district court then found appellant guilty of the offense set forth in the indictment, and denied appellant's request for probationary sentence.

Appellant seeks reversal of the judgment of conviction on three main grounds:

1. That essential elements of proof of appellant's guilt were not established, in that

 (a) there was a failure of proof by appellee of compliance with the provisions of Title 32 C.F.R. Section 1660.30, and

 (b) there was a failure of proof that three valid types of civilian work were offered to the appellant as required by the provisions of Title 32 C.F.R. Section 1660.20(b).

2. That appellant was denied procedural due process in that the local board failed to have available advisers to registrant and to post conspicuously or any other place the name of such adviser.

3. That the district court ignored the provisions of Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S. C.A. at the time sentence was pronounced upon the appellant.

 Before considering appellant's first specification of error it may be well to note that as a general rule in prosecu-

tions for violation of the Universal Military Training and Service Act, the selective service file of the delinquent registrant is admissible into evidence as a public document under the provisions of Title 28 U.S.C.A. § 1733.[3] Penor v. United States, 9 Cir., 1948, 167 F.2d 553; United States v. Ward, 2 Cir., 1949, 173 F.2d 628; United States v. Borisuk, 3 Cir., 1953, 206 F.2d 338; Kariakin v. United States, 9 Cir., 1958, 261 F.2d 263. The challenged letter is in the form of an inter-departmental memorandum, from the national headquarters of the Selective Service System to the California headquarters of the System. Accordingly, if otherwise admissible, this letter would qualify as a public document and be admissible to prove the truth of the facts therein recited. Vanadium Corporation v. Fidelity & Deposit Co., 2 Cir., 1947, 159 F.2d 105. The mere fact that a document qualifies as a public record, however, does not ipso facto overcome the hearsay objection unless the document relates to an event to which the author of the document could himself testify. This is for the reason that the public documents exception to the hearsay rule is only the substitute for the appearance of the public official who made the record. Olender v. United States, 9 Cir., 1954, 210 F.2d 795, 42 A.L.R.2d 736. Appellant does not question in this case that the author of the challenged letter possessed personal knowledge of the event therein stated. Hence up to this point it is clear the challenged letter is a public document admissible in evidence as such, and in the well recognized exception to the hearsay rule. Appellant's objection to the introduction into evidence of the challenged letter is grounded on the contention that the letter was not authenticated and its receipt in evidence was lacking in foundation. It is true that even

---

**3.** "§ 1733. Government records and papers; copies

 "(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.

 "(b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof."

though a public document is competent evidence it is not to be received into evidence unless and until it has been authenticated. Under Rule 44, Federal Rules of Civil Procedure, 28 U.S.C.A.,[4] applicable to criminal prosecution, Rule 27, Federal Rules of Criminal Procedure,[5] an official record may be evidenced by a copy attested by the officer having the legal custody of the record accompanied with a certificate that such officer has the custody. In this case the photostatic copy of appellant's selective service record which was received in evidence bears the certificate of the administrative officer, California state headquarters for Selective Service, who certifies that the attached record is a full, true and correct copy of the original selective service record of the appellant, and that the originals thereof are on file in the office of the local draft board. The certificate bears the seal of the Selective Service System, California.

We will now consider the first of the two assignments of error under which it is asserted that essential elements of proof of appellant's guilt was not established. Title 32 C.F.R. Section 1660.30 provides as follows:

"Any registrant who knowingly fails or neglects to obey an order from his local board to perform civilian work contributing to the maintenance of the national health, safety, or interest in lieu of induction shall be deemed to have knowingly failed or neglected to perform a duty required of him under title I of the Universal Military Training and Service Act, as amended. When any registrant fails or neglects to obey any such order, his Cover Sheet (SSS Form 101) and contents shall be forwarded to the Director of Selective Service for a determination

as to whether or not registrant shall be reported to the Department of Justice for prosecution."

Appellant does not contend the Selective Service Regulation 1660.30 was not followed, but argues rather that there was no competent evidence before the trial court that the National Director of Selective Service had given this case the necessary and required pre-prosecution determination. Included in appellant's selective service file and appearing as the first page of that file is a letter from the National Director of Selective Service to the California State Director of Selective Service, bearing stamp date August 22, 1958. The letter relates to the appellant, and in relevant part is as follows:

"This is in reply to your letter of August 13, 1958, with which you transmitted the cover sheet of the above-named registrant pursuant to the provisions of section 1660.30 of the Selective Service Regulations.

"The Director has determined that this registrant should be reported to the United States Attorney for prosecution under section 12 of the Universal Military Training and Service Act, as amended, for violations of the provisions of section 6(j) of that Act, as follows:

"This registrant reported to his local board on August 12, 1958, but refused to report to the Los Angeles County Department of Charities, 1200 North State Street, Los Angeles 33, California. * * *"

It is this letter to which appellant interposed the objection that it was not authenticated and that foundation for receipt thereof was lacking. Appellant argues that this letter was not a part of appellant's selective service file at the

---

**4.** "Rule 44. Proof of Official Record

"(a) Authentication of Copy. An official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied with a

certificate that such officer has the custody. * * *"

**5.** "Rule 27. Proof of Official Record

"An official record or an entry therein or the lack of such a record or entry may be proved in the same manner as in civil actions."

time of certification of said file. While the appellant refers to this letter as a "loose" piece of paper, we are satisfied from the record in this case that the letter in question was physically attached to appellant's selective service file at the time the file was offered in evidence. There is no direct evidence in the record that this letter was made a part of the selective service file after certification by the administrative officer of the California state headquarters for Selective Service. Appellant argues, however, that because the letter is unpaginated, bears no receipt stamp of the California state headquarters, and contains punch holes at the top of the page, that such facts conclusively establish that the letter was not a part of the original file and had been kept separate and apart from the file. We have examined the entire file, and this examination reveals:

(1) The first two pages of the 187-page file are not numbered. Pagination commences with page 3 and continues to and including page 187. The challenged letter is the first of the two unnumbered pages. It is page 1 of the file, even though not numbered as such.

(2) That the only other letter in the file from Washington headquarters to Sacramento headquarters of the Selective Service bears no receipt stamp by the Sacramento office.

(3) That at least 13 other pages of the file show punch holes similar to the punch holes on the letter in question.

In our view, under the circumstances of this case, the facts that the questioned letter bears no pagination, bears no receipt stamp by the Sacramento office, and contains punch holes, do not compel the conclusion that the challenged letter was not a part of appellant's selective service file, or that the letter was included in the file after certification. In our view, the entire selective service file which was received in evidence was properly authenticated and no error was committed by the district judge in receiving into evidence as a part of such file the challenged letter. Since appellant concedes that if the challenged letter was

properly received into evidence full compliance with the provision of Title 32 C.F.R. Section 1660.30 would be established, it becomes unnecessary for us to consider appellant's objection to the receipt in evidence as a part of appellant's selective service file, page 186 thereof, to which objection was made only on the ground that such letter violated the hearsay rule.

█ █ The second error which appellant asserts under his first assignment of error is that there is no proof that the Selective Service Regulations were followed in respect to the requirement that three valid types of civilian work be submitted to the appellant. In order to decide this point it is necessary to summarize the pertinent regulations. Title 32 C.F.R. Section 1660.20(a) provides that the registrant in class I–O found acceptable for service may submit to the local board three types of civilian work which he offers to perform in lieu of induction. Appellant made no such submission to the local board. Section 1660.-20(b) provides that where (a) is not fulfilled then

"The local board shall submit to the registrant by letter three types of civilian work contributing to the maintenance of the national health, safety, or interest, as defined in section 1660.1 which it deems appropriate for the registrant to perform in lieu of induction. The registrant within ten days after such letter is mailed to him by the local board, shall file with the board a statement that he either offers to perform one of the types of work submitted by the board, or that he does not offer to perform any of such types of work. * * * "

In the instant case the local board offered to appellant three types of civilian work in lieu of induction, and appellant refused to perform any of the types of work listed, but stated that because of religious convictions he could not accept the offer to perform any civilian service. Section 1660.20(c) provides that:

"If the local board and the registrant are unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the State Director of Selective Service for the state in which the local board is located, or the representative for such State Director, appointed by him for the purpose, shall meet with the local board and the registrant and offer his assistance in reaching an agreement.
* * * "

Pursuant to this section appellant was notified of the meeting which subsequently took place with the state representative, the local board and appellant being present. At the meeting appellant was offered other civilian work to be performed in lieu of induction, but refused to accept any civilian employment. 1660.20 (d) provides that if after the meeting referred to in (c) the local board and the registrant are still unable to agree on a type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work contributing to the maintenance of the national health, safety or interest, as defined in section 1660.1, which it deems appropriate. As no agreement could be reached between appellant and the local board, the board, following the provisions of 1660.20(d), ordered appellant to report to the Los Angeles County Department of Charities after approval by the National Director. Section 1660.1 (a) (2) (b) defines civilian work to be proffered:

"(a) (2) Employment by a non-profit organization, association, or corporation which is primarily engaged either in a charitable activity conducted for the benefit of the general public carrying out a program for the improvement, health, or welfare, including educational and scientific activities in support thereof, when such activity or program is not principally for the benefit of the members of such organization, asso-

ciation, or corporation, or for increasing the membership thereof.

"(b) Except as provided in paragraph (a) (2) of this section, work in *private employment* shall not be considered to be appropriate civilian work to be performed in lieu of induction into the armed forces by registrants who have been classified in Class I–O." (Emphasis added.)

Appellant argues that the two private charities, Goodwill Industries of San Jose, California, and Goodwill Industries, Los Angeles, California, are not sanctioned by the regulations and therefore that appellant was given only one acceptable choice, to-wit, Department of Charities, County of Los Angeles. On this point appellant relies primarily upon United States v. Copeland, D.C.Conn. 1954, 126 F.Supp. 734. The views expressed in the Copeland decision are expressly rejected in United States v. Hoepker, 7 Cir., 1955, 223 F.2d 921, 923, certiorari denied 1955, 350 U.S. 841, 76 S.Ct. 81, 100 L.Ed. 750, the court saying:

"If, as defendant contends, that decision is to be read as holding that assignment to any privately controlled institution is per se unauthorized, we are in respectful disagreement."

Both in Copeland and Hoepker the registrant had been ordered to a private charity. In the instant case private charities were merely two of the options offered to appellant. It is to be noted that the appellant was ordered to report to the Los Angeles County Department of Charities, which has been adjudged competent as civilian employment in lieu of induction. United States v. Niles, D.C.D.C.N.D.Cal. 1954, 122 F.Supp. 382, affirmed 9 Cir., 1955, 220 F.2d 278, certiorari denied 1955, 349 U.S. 939, 75 S.Ct. 784, 99 L.Ed. 1267; Klubnikin v. United States, 9 Cir., 1955, 227 F.2d 87, certiorari denied 1956, 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846.

In our view the three types of civilian work offered appellant by the local board were in substantial compliance with Se-

lective Service Regulation 1660.20(b). In any event appellant having categorically refused any type of civilian work is in no position to claim prejudice. Failure to comply with Selective Service Regulations which do not prejudice a registrant are not grounds for upsetting conviction based on disobedience of induction or civilian work. Uffelman v. United States, 9 Cir., 1956, 230 F.2d 297; Kaline v. United States, 9 Cir., 1956, 235 F.2d 54.

The trial court did not err in denying appellant's motion for acquittal made on the basis that the government had failed to establish a prima facie case, inasmuch as there is sufficient evidence to establish all the essential elements of appellant's guilt.

We will now consider appellant's second specification of error that he was denied procedural due process in that the local board failed to have available advisers to registrants, and to post conspicuously the name of such adviser. Appellant's present difficulties arose when he was reclassified I–O on November 15, 1956. At that time the pertinent regulation, 32 C.F.R. Section 1604.41, which became effective January 1, 1955, is as follows:

"Advisors to Registrants

" § 1604.41 *Appointment and duties.*

"Advisors to registrants *may* be appointed by the Director of Selective Service upon recommendation of the State Director of Selective Service to advise and assist registrants in the preparation of questionnaires and other selective service forms and to advise registrants on other matters relating to their liabilities under the selective service law. Every person so appointed should be at least 30 years of age. The names and addresses of advisors to registrants within the local board area shall be conspicuously posted in the local board office." (Emphasis added.)

The regulation prior to its amendment stated that advisors to registrants *shall* be appointed. The mandatory word *shall* was omitted from the present regulation, and the permissive word *may* was inserted in lieu thereof. See Uffelman v. United States, supra, wherein it is stated that the appointment of advisers has been discretionary and not mandatory since January 1, 1955. Moreover, should we disregard the permissive nature of the regulation, appellant has shown no prejudice that resulted to him because of the absence of advisers. Procedural irregularities or omissions that do not result in prejudice to the registrant are to be disregarded. Uffelman v. United States, supra; Kaline v. United States, supra; Rowton v. United States, 6 Cir., 1956, 229 F.2d 421, certiorari denied 1956, 351 U.S. 930, 76 S.Ct. 788, 100 L.Ed. 1460; United States v. Mekolichick, 3 Cir., 1956, 234 F.2d 71, certiorari denied 1956, 352 U.S. 908, 77 S.Ct. 147, 1 L.Ed.2d 117. It is to be noted that appellant first registered for the draft in 1951. From his selective service file it appears that he was thoroughly familiar with procedure relating to the selective service. We are unable to see what help an adviser could have furnished to appellant in view of appellant's intransigent attitude in refusing any type of civilian employment. It is to be noted that appellant inspected the bulletin board at the local draft board office but found no list of advisers posted, hence he knew that advisers might be made available, but he never requested the name or service of any such adviser. See United States v. Mekolichick, supra, wherein it is stated, at page 73:

"Plainly there was no denial by the board of assistance to these registrants. If, as is now circuitously argued for them, they did inspect the bulletin board for a list of advisors while their claims were being considered they knew of that procedure but never requested a list or other assistance."

We hold that appellant's claim of denial of procedural due process under the facts herein recited is without merit.

Appellant's final contention is that the case must be remanded for resentencing because of the failure of the trial judge to abide by Rule 32(a), Federal Rules of Criminal Procedure, which provides in pertinent part:

" * * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

Following the decision of the district court finding the appellant guilty of the offense charged, the record discloses the following:

"Mr. Tietz [counsel for appellant]: Will you step up here. We will ask the court to pronounce sentence today because it will be convenient for everyone, if the court is willing.

"The Court: We will do that, and then if you want a stay of execution, I think I can do that. Is there any reason why—

"Mr. Tietz: There is no legal reason, but the defendant might wish to make some comment if the court would wish.

"The Court: I don't think so. You have represented him fully, and I don't desire to have him make any comments, because they wouldn't affect my sentence at all. You know my attitude in these matters.

"Mr. Tietz: There is no legal reason. I have made my argument for probation in very brief form.

"The Court: I would not grant probation in this case, because it would be an idle act. This is one of the most wilful cases of disobedience I have seen, and it has no justification except a determination of this man to stay out, which appears also in some of the things reported by his fellow students.

Is there any legal reason why judgment should not be pronounced at this time?

"Mr. Tietz: No legal reason.

"The Court: It is the judgment of this court that the defendant be sentenced to a penitentiary type institution for a period of a year and a day."

It is the position of the appellant that the court's failure to afford appellant an opportunity to make a statement in his own behalf constitutes a violation of Rule 32(a) and thereby invalidates the sentence imposed. The record discloses that counsel was given full opportunity to present arguments to the court that a probationary sentence should be imposed on appellant. Counsel for appellant stated that "the defendant might wish to make some comment if the court would wish." The court indicated it did not wish appellant to do so, whereupon no further effort was made by either appellant or his counsel to request an opportunity for appellant to make a statement. Thereafter counsel for appellant on two occasions stated there was no legal reason why judgment should not be pronounced. Under such circumstances there was a waiver of any right appellant may have had to make a statement. As noted in *Kennedy v. United States*, 5 Cir., 1958, 259 F.2d 883, at page 886, certiorari denied 1959, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982: "The * * * asserted failure to call upon appellant to make a statement in his own behalf are matters which can be waived by the accused, and such waiver if made by counsel is binding on him." In our view, under the record in this case, the provisions of Rule 32(a) were not violated or ignored by the district court.

The judgment of conviction is affirmed.