John Franklin **TAYLOR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16726.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1960.

Hamley, Stephens, Pope, and Merrill, Circuit Judges, dissented in part.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Wm. Bryan Osborne, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, STEPHENS, POPE, BARNES, HAMLEY, HAMLIN, JERTBERG, MERRILL and KOELSCH, Circuit Judges.

BARNES, Circuit Judge.

This appeal has been determined in part by a unanimous court. Reference is hereby made to the general discussion and recital of facts, and to the first four questions common to all defendants and determined in that decision entitled Johnson v. United States, 9 Cir., 285 F.2d 700. We incorporate the portion of that opinion applicable to the appellant Taylor in this opinion. We consider here the two questions peculiar to the Taylor appeal alone.

The first is the board's failure to reopen the matter of Taylor's classification.

[1] Taylor sent the draft board information that he had become a "vacationpioneer" which is part-time ministerial work and which may lead to full-time ministerial work. Taylor did not request that the classification be reopened. He advised, but did not request. The point has already been decided adversely to appellant by our ruling in Shaw v. United States, 9 Cir., 1959, 264 F.2d 118. We decline to overrule that decision.

The next question raised by Taylor alone is alleged error in sentencing procedure.

Appellant Taylor urges that Rule 32 (a), Fed.R.Crim.P., 18 U.S.C.A., was not followed in his case. This rule, in material part, reads:

"Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

There is a difference of opinion in the several circuits as to whether the word "shall" in this rule means "must." In Couch v. United States, 1956, 98 U.S. App.D.C. 292, 235 F.2d 519, 521, the District of Columbia Circuit held it was the better practice to advise the convicted person of his right to make a personal statement in his own behalf, but applied their interpretation prospectively only, refusing to reverse the conviction. And

see Gadsden v. United States, 1955, 96 U.S.App.D.C. 162, 223 F.2d 627.

The First Circuit in Green v. United States, 1 Cir., 1959, 273 F.2d 216, 217, refused to follow the District of Columbia Circuit. But it is noted that the First Circuit did it on the facts of that case, where counsel had had full opportunity to speak "and has spoken at length for his client *in mitigation of punishment.*" Id., 273 F.2d at page 217. (Emphasis added.) Certiorari granted April 18, 1960, 362 U.S. 949, 80 S.Ct. 867, 4 L.Ed.2d 867.

Other circuits have refused to follow the rule literally where there has been waiver by counsel, Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883, 886, certiorari denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, or where nothing can be accomplished by allocution. United States v. Galgano (United States v. Carminati), 2 Cir., 1960, 281 F.2d 908. And see Yaich v. United States, 9 Cir., 1960, 283 F.2d 613 (petition for rehearing denied).

The government urges that Taylor was "represented at every stage of the proceedings" by counsel of his choice; that a defendant must choose between having representation or "handling matters completely on his own."

■ We cannot agree. The words "shall afford the defendant an opportunity to make a statement *in his own behalf*" (emphasis added) seem to connote a different and more extensive procedure than exists when "a defendant" moves, requests or acts, under the other rules. Cf. Fed.R.Crim.P. 15(a), 16, 17 (b), 21(a), 21(b), 24(b), 28, 29(a) and 31(d). A lawyer may ordinarily act for a defendant (and, for example, waive the polling of a jury, or a peremptory challenge of a prospective juror) without any showing of a waiver by a defendant. But here we think either the defendant, or counsel of his choice, in defendant's presence, can waive. If a defendant has any objection to his counsel's waiver made in his presence, he can then express himself. And cf. People v. Rogers, Cal.App.1960, 8 Cal.Rptr. 843.

■ That defendant is entitled to representation of counsel at all stages of the proceedings, including sentencing, does not necessarily mean he cannot speak "in his own behalf * * * in mitigation of punishment."

The record is bare of any statement made "in his own behalf * * * in mitigation of punishment." Plenty was said by his counsel in attempting to establish his lack of guilt.

Nor can we clearly find a waiver here, as existed in Yaich v. United States, supra. It is true Mr. Tietz (counsel for appellant Taylor) stated:

"I can say no more * * * I fear that anything I might say now might not help my client. I have said everything I can."

Had this been said after conviction and at time of sentence after *some* argument in mitigation had been made by counsel for appellant, we would not hesitate to find a waiver. But here the record discloses no statement of any kind in mitigation had been made by counsel, or by his client. Thus Mr. Tietz's reference to "having said everything I can" may very well have referred to what had been said by counsel in his client's defense before the adjudication of guilt.

■ We therefore hold the findings and adjudication of guilt in the Taylor case are correct, but the sentence is vacated. The judgment of conviction entered under Rule 32(b), which is interwoven with the sentence heretofore imposed, should be re-entered concurrently with resentencing. The matter is remanded to the district court in order that a sentence may be correctly imposed under Rule 32 after a hearing in which the appellant Taylor has the opportunity to make a statement on his own behalf and to present information in mitigation of punishment, should he so desire. His counsel can do this for Taylor, or Taylor can waive his right of allocution, either by his own statement, or the statement of counsel of his choice, made in his, the appellant's, presence.

We recognize this remand may well be an idle act, but we are satisfied that without such remand, there is no sufficient proof of compliance with the provisions of Rule 32(a), mandatory in the absence of waiver.

HAMLEY, Circuit Judge, with whom Circuit Judges STEPHENS, POPE and MERRILL join (concurring in part and dissenting in part).

I concur in that part of the majority opinion which rejects Taylor's argument concerning the board's failure to reopen the matter of classification. I also concur in that part of the majority opinion in which the findings and adjudication of guilt are upheld, the sentence is vacated, and the matter is remanded to the district court for resentencing. I dissent from that part of the majority opinion in which the view is expressed that the right of allocution given Taylor under rule 32(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., may be waived by the statement of Taylor's counsel if made in Taylor's presence.

I am aware of the fact that in an opinion filed on August 2, 1960, in Yaich v. United States, 9 Cir., 283 F.2d 613, a panel of this court held that a defendant's right of allocution can be so waived. A petition for rehearing is pending in that case and accordingly the mandate has not yet issued. Yaich therefore does not have the precedent status of a decided case of this court and does not require overruling in order to reach a contrary result here.

In discussing the allocution question the majority makes this statement, with which I entirely agree:

" * * * The words 'shall afford the defendant an opportunity to make a statement *in his own behalf*' (emphasis added) seem to connote a different and more extensive procedure than exists when 'a defendant' moves, requests or acts, under the other rules. Cf. Fed.R.Crim.P. 15(a), 16, 17(b), 21(a), 21(b), 24 (b), 28, 29(a) and 31(d)."

But in making this statement, the majority has, in my view, established the invalidity of its own further conclusion on the question of waiver. Wherein has the majority under its interpretation of rule 32(a) preserved for defendants a "different and more extensive" procedure than when a defendant moves, requests or acts under the other described rules? Under these other rules an attorney is permitted to act or waive for his client, and the majority holds that this is also true under rule 32(a). The proviso of the majority, that in order to have waiver by counsel under rule 32(a) the defendant must be present in court, adds no procedure which is "different or more extensive" than in the case of the other rules. Except in the rare non-capital case where a defendant voluntarily absents himself during the trial, he is always present in court. See rule 43, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The majority correctly notes a division of opinion among the circuits on the question under consideration. Three cases supporting the view that waiver of allocution can be by counsel are cited by the majority. In the first of these, Green, certiorari has been granted and the question is now pending before the Supreme Court. 362 U.S. 949, 80 S.Ct. 867, 4 L.Ed.2d 867. A later opinion was rendered in Green involving other questions, 274 F.2d 59, and certiorari was again granted. 363 U.S. 839, 80 S.Ct. 1621, 4 L.Ed.2d 1724. In Kennedy the court's ruling was expressed in part of one sentence of the opinion, no reasons or citation of authority being given. In Galgano & Carminati it was pointed out that Carminati was given the minimum sentence which was possible under the statute and hence anything said in mitigation of punishment would have been futile.

The case of People v. Rogers, Cal.App. 1960, 8 Cal.Rptr. 843, 845, is cited by the majority as bearing upon the right of counsel to waive for his client. The court, however, was not dealing with the allocution question and in fact stated:

" * * * The record, however, shows that he was properly asked by the court if he had any legal cause to show why judgment should not now be pronounced against him; that he replied he had none * * *."

The one court of appeals which has dealt exhaustively with the historical background of the rule has expressed the view that the right of allocution can be waived only by the defendant personally. In his concurring opinion in Couch v. United States, 98 U.S.App.D.C. 292, 235 F.2d 519, 521, Judge Fahy, with Chief Judge Edgerton and Circuit Judges Bazelon and Washington joining, in addition to his interesting narrative of the history of the right of allocution makes some emphatic statements as to the meaning and operation of rule 32 (a). Judge Fahy stated:

"Rule 32(a) * * * has the force of law. * * * We think the Rule means, as it says, that before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present information in mitigation of punishment. He may respond through counsel if he desires, or he may remain silent. But the opportunity afforded must be personal, and it is not when, as here, the judge asks only counsel if counsel has anything to say. * * * We think that where the procedure prescribed by the Rule is not followed the error is not to be ignored as harmless. * * *

"An opportunity afforded to counsel ordinarily is an opportunity afforded to his client. It is essential to maintain this relationship of counsel to court and to client in order to preserve counsel's vital role in the administration of justice. But there are exceptions, and the one under consideration has long been established. A prisoner at the bar is placed apart so as to be able to speak for himself at the moment immediately preceding sentence, when he is faced with deprivation of liberty or with a fine, or both, and is about to be adjudged a criminal. He may then speak personally to the judge before the judge imposes sentence. In ancient times this procedure became known as allocution or allocutus, clearly embodied in modern times in Rule 32 (a)."

It will be noted that Judge Fahy says that the defendant about to be sentenced may respond through counsel if he desires. With that statement I agree. But the expression of that desire to waive must come directly from him in open court and be shown in the record of the proceedings and cannot be implied merely from or by virtue of any statement made by counsel. The declaration of Judge Fahy, the last paragraph of his opinion on page 524, should be followed by this court:

"Rule 32(a) now extends the ancient procedure to all criminal cases in the federal courts. * * * For we think the Rule has now become a command upon the federal courts. To permit a departure from this command to go uncorrected in a particular case, assuming the question to be properly before us, in our view would be to permit a practice which violates the Rule to supersede a rule of law prescribed by the Supreme Court under authority of Congress after centuries of development in the common law."

The fact that in Couch the court gave only prospective application to its ruling is of no consequence. The explanation for using this judicial technique may be that the question arose in a section 2255 proceeding rather than on direct appeal as in this case.

The right of allocution provided for by rule 32(a) is designed to require direct communication between judge and defendant after the trial with all of its complexities has ended, and the judge is at last required to exercise his own discretion and judgment in fixing the penalty. Up to that point direct com-

munication is not especially important— but now it is. If a defendant wishes to forego that right, he may freely do so. He may do so by standing mute as well as by speaking. But he cannot do so unless the judge makes direct inquiry of him, thereby affording him the right to speak or to indicate by word or silence that he waives the right or desires his attorney to speak for him.

The doctrine of waiver by counsel with which the right of allocution is now to be diluted will plague us in the future. Trial judges are now being told that they need not inquire of defendants whether they wish to be heard if their attorneys make statements dealing with mitigation of punishment. Thus, when the question is raised on future appeals we must on an *ad hoc* basis analyze such statements of counsel, or notations in the clerk's minutes, or recitals in the judgment, to determine whether there has been an effective waiver of the defendant's personal right in this curious manner.

Unless there is a transcribed report of the attorney's statement this inquiry must be limited to a review of the clerk's minutes and the form of judgment. How inadequate or incorrect for such a purpose minute notations may be in a particular case is sufficiently evidenced by the only relevant notation made in this case:

"Neither side having anything further to offer and neither side deserving to make further argument * * *."

The judgment and sentence in this case was filled in on a printed form. Among the printed recitals is this: "* * * and the court having asked the defendant whether he has anything to say why judgment should not be pronounced." It is conceded that Taylor was not asked this question, yet the printed recital was not stricken. There is no recital to the effect that Taylor's counsel was called upon by the trial judge or what response the attorney gave. This demonstrates that not even the form of judgment provides a reliable source of information in determining, under the majority test, whether a defendant's attorney said enough to constitute a "waiver" of the right of allocution.

I would reverse and remand for resentencing with directions to the trial judge to make direct inquiry of Taylor whether he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.