**UNITED STATES of America,
Appellee,**

v.

**Douglas Ray WHITAKER, Appellant.
No. 11645.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 9, 1968.

Decided June 3, 1968.

---

2. Chesapeake & Ohio Railway Co.-Control-Baltimore & Ohio Railroad Co., 317 I.C.C. 261 (1962).

Robert G. Cabell, Jr., Richmond, Va. (White, Roberts, Cabell & Paris, Richmond, Va., on brief), for appellant.

Michael Morchower, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

Douglas Ray Whitaker was found guilty of failing to report for civilian work in lieu of induction into the armed forces. He complains that the local selective service board failed to consider a letter indicating a change in his status and also failed to notify him of any action taken pursuant to his request to reopen and consider anew his classification. We affirm.

Whitaker, after consideration of his questionnaire which stated that he was employed as a dry wall applicator working thirty-five hours a week, was a conscientious objector and was a Jehovah Witness minister spending fourteen hours a week in religious activities, was classified by his local board as a conscientious objector and mailed a notice of classification on September 20, 1965. There was no appeal. On January 4, 1966, Whitaker took his armed forces physical examination which he passed. The board advised him on April 29, 1966, that in due course he would be directed to report for civilian employment in lieu of service in the armed forces. Whitaker then wrote the board that he was unable to accept civilian work because it would compromise his ministerial beliefs and duties. After a personal appearance before the board, there was no change in his classification. On December 13, 1966, the board ordered Whitaker to report for civilian assignment on January 10, 1967, at the Virginia Highway Department. The letter on which this appeal is based was written to the board on January 5, 1967.

Whitaker's first contention is that the local board never considered his letter written five days before he was to report for civilian work and twenty-three days after he had received his orders in which he asserted that there had been a change in his status, an increase in his religious activities so that he was then serving an average of ninety-nine hours a month in the ministry. 32 C.F. R. § 1625.2 states in part:

"[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant * * * an Order to Report for Civilian Work * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant has no control."

A change from approximately sixty-two to ninety-nine hours a month spent in religious activities does not qualify as a change in status resulting from circumstances over which registrant had no control and the board could not have reopened his classification. See United States v. Mohammed, 7 Cir., 288 F.2d 236; Boyd v. United States, 9 Cir., 269 F.2d 607; United States v. Grizzard, S.D.Cal., 223 F.Supp. 890.

Whitaker then contends that 32 C.F.R. § 1625.4 places a mandatory duty on the local board to advise registrant by

letter as to its action taken pursuant to a request to reopen. However, the letter written by Whitaker to the board did not request a reopening of his classification. There being no express request to reopen, the local board was not required to advise Whitaker that it would not reopen his classification. Taylor v. United States, 9 Cir., 285 F.2d 703; Shaw v. United States, 9 Cir., 264 F.2d 118.

Affirmed.