**Novia TURKETTE, Jr., Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**Civ. A. No. 84-3017-C.**

United States District Court, D. Massachusetts.

March 13, 1985.

Novia Turkette, Jr., pro se.

Ernest S. Dinisco, Sp. Asst. Dist. Atty., U.S. Dept. of Justice, Boston, Mass., for respondent.

MEMORANDUM

CAFFREY, Chief Judge.

This is a petition filed pursuant to 28 U.S.C. § 2255 by Novia Turkette, Jr. who is presently serving a 20-year sentence at the United States Penitentiary at Lewisburg, Pennsylvania.

The sentence was imposed on Novia Turkette, Jr. on September 5, 1979 and after a reversal by the Court of Appeals for the First Circuit, whose opinion is reported at 632 F.2d 896, Turkette's conviction was reinstated by the United States Supreme Court in an opinion reported at 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246.

The matter is before the court on the government's motion to deny the petition. A review of the file establishes that Turkette is seeking relief on the basis of three grounds. First that "the judgment ... was passed and imposed in an illegal manner, to wit; the deputy clerk acted as a Judicial Officer, by announcing ... sentence." The second ground is a claim that the Court exceeded its sentencing discretion authority and imposed an excessive and disparate sentence. The third ground is a claim that illegally obtained evidence was introduced at trial.

With regard to the first ground, the oral announcement of the sentence by the Deputy Clerk, I rule that Turkette's contention is patently frivolous. The undersigned was seated on the bench and directed the Deputy Clerk as to what sentence to impose. The undersigned also signed the judgment of conviction which was identical to the sentence orally announced by the Deputy Clerk. More importantly, in its opinion in *Green v. United States,* 273 F.2d 216 (1st Cir.1959), *affirmed* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the Court of Appeals for the First Circuit has rejected the very argument Turkette now makes.

With regard to Turkette's second ground, the claim of excessive and disparate sentence, it should be noted that although he was one of thirteen defendants, he was the only defendant indicted in each and every one of the counts in the indictment, on all of which the jury found him guilty. He faced a potential maximum sentence of 60 years. The evidence at trial proved beyond a reasonable doubt that Turkette was the ring leader and mastermind of a sophisticated, experienced and extremely well-organized gang of criminals. The presentence report further indicated that he had lived, up until the time of sentencing, solely on the fruits of his criminal activity and the presentence report established that he had never done an honest day's work in his life. In short, the evidence at trial and the contents of the presentence report convinced the undersigned that Turkette was one of the most vicious, dangerous and anti-social felons that the undersigned has been called upon to sentence in over 20 years on this Court. For this reason, I rule that it was entirely appropriate that Turkette receive a more severe sentence than any of his fellow defendants, all of whom were shown by the evidence at trial and their individual presentence reports to be less dangerous to society than Turkette.

The third ground relied on in this § 2255 petition is the conclusory claim that illegally obtained evidence was introduced at the trial. Turkette has not articulated what evidence he claimed was illegally obtained nor has he articulated why he claims that the evidence was illegally obtained.

Accordingly, I rule on the basis of the foregoing that Turkette's petition under 28 U.S.C. § 2255 should be dismissed.

Order accordingly.