MEMORANDUM **
Daniel Bigman and Patrick Doyle appeal their sentences of life imprisonment. Big-man and Doyle pleaded guilty to kidnapping and sexually assaulting two women, in violation of 18 U.S.C. §§ 1153, 1201, and 2241(a). Bigman also pleaded guilty to assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), for a stabbing a man in an event unrelated to the kidnapping and sexual assault charges. The district court consolidated Bigman’s sentencing for all his same crimes. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite them only as necessary.
Bigman was not entitled to a third point reduction in the combined offense level for early notification of a guilty plea pursuant to United States Sentencing Guidelines § 3El.l(b) because the requirements of § 3El.1(b) were not met as to all of the crimes making up the combined offense level. See U.S.S.G. § 3El.l(b); United States v. Ginn, 87 F.3d 367, 370 (9th Cir.1996). Although the district court erred by applying a third point reduction to the stabbing charge because, where distinct crimes are consolidated for sentencing, any applicable § 3E1.1 reduction must be applied after calculation of the combined offense level, such error is harmless because the court, calculated the correct combined offense level 43, and the correct Guideline range, life. See United States v. Cantrell, 433 F.3d 1269, 1279-80 (9th Cir.2006). Regardless of its misapplication of § 3El.l(b) to one of the crimes of which Bigman was convicted, rather than to the combined offenses, Bigman was not entitled to an additional point reduction as to the combined crimes because he did not timely plead guilty to the kidnapping and sexual assault charges.
The district court did not violate Doyle’s right of allocution because Doyle waived his right to have his allocution considered when he declined a new sentencing hearing and agreed to have the court reincor-pórate its reasons for the sentence in the record before he was given the opportunity to allocute. See Yaich v. United States, 283 F.2d 613, 621 (9th Cir.1960).
Last, the sentences imposed by the district court were substantively reasonable and the district court adequately considered the factors listed in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3553(a); United States v. Carty, 520 F.3d 984, 991-94 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.